O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**Doc #22 and #25**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-5087 PSG (CWx) | Date | October 26, 2009 |
|---|---|---|---|
| Title | Quantum Production Services, LLC *et al.* v. Steven Kent Austin *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:     (In Chambers) Order Denying Dale T. Smith's Motion To Intervene**

Pending before the Court is Dale T. Smith's Motion To Intervene As Plaintiff.  The Court finds the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers, the Court DENIES the Motion.

I.      Factual Background

The matter before the Court relates to at least three procedurally distinct cases pending in this district.[1]  The Court begins, therefore, with a review of the relevant details of those actions.

A.      The United States v. Steven Kent Austin

Steven Kent Austin ("Austin") is the defendant in a criminal case pending in this Court wherein Austin is charged with offenses relating to an investment fraud scheme.  *See United States of America v. Steven Kent Austin*, CR 07-1071 MMM.  On August 13, 2009, Austin was sentenced to a term of imprisonment of 36 months and ordered to pay restitution in an amount in excess of $17 million.  *See Objection of Amicus Curiae United States to Proposed Default*

---

[1] On October 1, 2009, the United States filed a complaint seeking declaratory relief against Quantum Production Services, LLC, Terry E. Kennedy, and Dale T. Smith.  *See United States v. Quantum Production Services, LLC et al.,* CV 09-7139 PSG (FMOx).  While this is one of the cases the Court is referring to, the Court does not find it necessary to review the details of that action in order to rule on the instant motion.

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**Doc #22 and #25**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-5087 PSG (CWx) | Date | October 26, 2009 |
|---|---|---|---|
| Title | Quantum Production Services, LLC *et al.* v. Steven Kent Austin *et al.* | | |

*Judgment Against Steven Austin* 2:9-11. Austin's counsel has deposited $6 million with the Clerk of the Court, to be applied toward the amount owing in restitution. *See id.* at 2:14-17. The list of victims to receive restitution is in the process of being compiled. *See Victim Lists as to Defendant Steven Kent Austin* (Dkt. # 72, #73), CV 07-1071 MMM.

    B.    Quantum Production Services, LLC *et al.* v. Steven Kent Austin *et al.*

    On July 14, 2009, Plaintiffs Quantum Production Services, LLP ("Quantum") and Terry E. Kennedy (collectively, "Plaintiffs") filed this civil action against Austin and the United States of America (the "Quantum civil action"). Plaintiff's First Amended Complaint ("Complaint") alleges that roughly half of the $6 million deposited by Austin in connection with his criminal case rightly belongs to Plaintiffs, *see FAC* ¶¶ 2, 22-33, and that the remainder should be disposed of under their authority. *See FAC* ¶¶ 30-31. Thus, Plaintiffs seek, *inter alia*, an order from the Court directing that the sum to which Plaintiffs are entitled be paid to them from the $6 million deposit, s*ee FAC* ¶¶ 34-37, and directing that Austin and the United States be enjoined from seeking withdrawal of any portion of the deposit. *See FAC* 7:5-15.

    Plaintiffs' alleged interest in the $6 million Austin deposited with the Court is based on a default judgment obtained by Plaintiffs against two entities of which Austin was principal and CEO—namely, TAG Entertainment, Inc. and TAG Entertainment Corp. (collectively, "TAG")—in San Diego County Superior Court in April 2008. *See FAC* ¶ 9. That judgment awarded damages against TAG in the amount of $3,090,962.80 and ordered that a joint venture partnership between TAG and Quantum be dissolved and wound up, with Quantum having authority to execute the winding up. *See FAC* ¶ 9-10. Plaintiffs allege that this state court judgment gives them an interest in the $6 million deposited by Austin because, in sum, Austin made the deposit with funds that were improperly diverted from—or proceeded from funds that were improperly diverted from—TAG or its joint venture with Quantum. *See FAC* ¶¶ 25-30.

    C.    Dale T. Smith's Complaint In Intervention and Motion To Intervene

    On September 4, 2009, Dale T. Smith filed a Complaint In Intervention and a Motion To Intervene As Plaintiff ("Motion"). Smith claims that he should be allowed to intervene as a plaintiff in the Quantum civil action because he, too, has an interest in the $6 million deposited by Austin in connection with his criminal case. *See Compl. In Intervention* ¶ 21.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**Doc #22 and #25**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-5087 PSG (CWx) | | Date | October 26, 2009 |
|----------|----------------------|--|------|------------------|
| Title | *Quantum Production Services, LLC et al.* v. Steven Kent Austin *et al.* | | | |

More specifically, Smith alleges that on July 23, 2007 he obtained a judgment after trial against three entities of which Austin was principal and president—namely, Austin Family Entertainment, Inc., TAG Entertainment USA, and Tag Entertainment Corp. (collectively, "Judgment Debtors")—in Santa Clara County Superior Court. *See id.* at ¶ 8. The basis of the judgment was the court's determination that, in short, the Judgment Debtors had fraudulently induced Smith to invest money in film production and distribution projects. *See id.* at ¶ 10, Ex. 1. The judgment awarded damages against the Judgment Debtors in the amount of $448,463.20. *See id.* at ¶ 8. Based on this judgment, Smith recorded with the California Secretary of State a Notice of Judgment Lien against each of the Judgment Debtors, *see id.* at ¶ 12, Ex. 2, and obtained from the Santa Clara County Superior Court turnover and assignment orders directing that all property and rights to payment belonging to the Judgment Debtors be assigned to Smith to the extent necessary to satisfy his judgment. *See id.* at ¶¶ 13-14, Exs. 3-4.

Smith argues that his judgment lien against the Judgment Debtors' property gives him an interest in the $6 million deposit. Smith claims that "the source of the Deposit was actually the ill-gotten gains of AUSTIN'S fraudulent investment scheme whereby AUSTIN used his companies, including [the Judgment Debtors]" to fraudulently obtain money from Smith. *See id.* at ¶ 27. Austin illicitly caused the Judgment Debtors to transfer the money to him, according to Smith, to avoid paying the Judgment Debtors' creditors, including Smith. *See id.* at ¶ 28. In fact, Smith alleges that the illicit transfer itself further damaged him in the amount of at least $250,000. *See id.* at ¶ 30. Accordingly, Smith seeks, *inter alia*, an order from this Court directing payment of amounts owing to him from the $6 million deposit and enjoining Austin and the United States from withdrawing any of the deposit until after disposition of this civil action. *See id.* at 8:10-20.

II.   Legal Standard

Rule 24 of the Federal Rules of Civil Procedure sets forth the conditions under which one who is not a party to an action may intervene in the action, either as of right or by permission. *See* Fed. R. Civ. Pro. 24. To intervene as a matter of right, where no federal statute confers such a right, four requirements must be met:

> (1) the motion to intervene must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**Doc #22 and #25**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5087 PSG (CWx) | Date | October 26, 2009 |
|---|---|---|---|
| Title | Quantum Production Services, LLC *et al.* v. Steven Kent Austin *et al.* | | |

of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*See State ex rel. Lockyer v. United States,* 450 F.3d 436, 441 (9th Cir. 2006).

Permissive intervention under Rule 24 may be allowed at the court's discretion when a) a federal statute confers a conditional right to intervene or b) the applicant "has a claim or defense that shares with the main action a common question of law or fact" and allowing intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." *See* Fed. R. Civ. Pro. 24(b). "The decision to grant or deny this type of intervention is discretionary, subject to considerations of equity and judicial economy." *Garza v. County of Los Angeles,* 918 F.2d 763, 777 (9th Cir. 1990).

Regardless of whether an applicant seeks intervention as a matter of right or permissive intervention, the burden is on the prospective intervenor to demonstrate that the conditions for intervention are satisfied. *See Petrol Stops Northwest v. Continental Oil Co.,* 647 F.2d 1005, 1010 n. 5 (9th Cir. 1981).

III.    Discussion

A.    Intervention As of Right

Smith first claims that the state court judgment he obtained against the Judgment Debtors and his right to collect on that judgment against their property entitle him to intervene in the Quantum civil action as a matter of right. *See Motion* 2:16-22. But to intervene as a matter of right, one "must claim a 'significantly protectable' interest relating to the property . . . which is the subject of the action." *See Lockyer,* 450 F.3d at 441. Under this requirement, a would-be intervenor must show "a protectable interest of sufficient magnitude to warrant inclusion in the action." *See Smith v. Pangilinan,* 651 F.2d 1320, 1324 (9th Cir. 1981).

Here, the property that is the "subject of the action" is the $6 million Austin deposited with the Clerk of this Court, which is to be applied to the amount the Court has ordered Austin to pay in restitution. It seems clear enough to the Court that the doctrine of sovereign immunity prevents Smith from asserting a "protectable interest of sufficient magnitude" in that property.

**O**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**Doc #22 and #25**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-5087 PSG (CWx) | Date | October 26, 2009 |
|----------|----------------------|------|------------------|
| Title | Quantum Production Services, LLC *et al.* v. Steven Kent Austin *et al.* | | |

Under the principles of sovereign immunity, the United States is immune from suit, except as it consents to be sued. *United States v. Dalm,* 494 U.S. 596, 608, 110 S. Ct. 1361, 108 L. Ed. 2d 548 (1990). It is well settled, moreover, that a suit implicates principles of sovereign immunity if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Dugan v. Rank,* 372 U.S. 609, 620, 83 S. Ct. 999, 10 L. Ed. 2d 15 (1963) (internal quotations and citations omitted).

Here, the $6 million deposited by Austin with the Court is deemed to be held by the United States Treasury. *See* 28 U.S.C. § 2041; *United States v. Van Cauwenberghe,* 934 F.2d 1048, 1063 (9th Cir. 1991). Smith, as a proposed intervenor, seeks an order directing payment to him from that $6 million deposit and enjoining any further disposition of the deposit. *See Compl. In Intervention* 8:11-20. The judgment sought by Smith would, therefore, both "restrain the Government from acting" and "compel it to act" with respect to the deposit. *See Dugan,* 372 U.S. at 620. Accordingly, Smith's suit is barred by the principles of sovereign immunity. *See id.*; *American Exchange Life Ins. Co. v. Putnicki,* 510 F. Supp. 19, 19-20 (W.D. Tex. 1980).

The Court recognizes that the doctrine of sovereign immunity may not be implicated by a suit seeking funds in the registry of a court where "the government has absolutely no interest" in those funds. *See Van Cauwenberghe,* 934 F.2d at 1063. In *United States v. Van Cauwenberghe,* for instance, the Ninth Circuit considered whether the doctrine of sovereign immunity was implicated by a civil action seeking to reach that portion of a criminal defendant's deposit remaining in the court registry after full restitution and all fines had been paid. *See id.* The court held that sovereign immunity was not implicated under those circumstances. *Id.* The court explained

> Although funds held in the registry of a federal district court are held by the United States Treasury under 28 U.S.C. § 2041, the attachment of funds in which the government has absolutely no interest cannot be barred by the doctrine of sovereign immunity. Here, the government requested that the court accept the certificates and the proceeds into its registry. The government has never attempted to claim an interest in the property. The court itself has no interest in the property. Therefore, no funds in which the United States has an interest will be expended from the Treasury; nor will the relief interfere with the public administration. The

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**Doc #22 and #25**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-5087 PSG (CWx) | Date | October 26, 2009 |
|---|---|---|---|
| Title | Quantum Production Services, LLC *et al.* v. Steven Kent Austin *et al.* | | |

United States' involvement is only ancillary, and the sovereign immunity doctrine does not apply.

*Id.* (internal quotations omitted) (citing *Landau v. Vallen,* 895 F.2d 888, 893-94 (2d Cir. 1990)).

In this case, by contrast, the United States has an interest in the funds deposited by Austin, since, under the United States Criminal Code, an order of restitution against a criminal defendant "is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." *See* 18 U.S.C. § 3613(c). Moreover, the $6 million on deposit with the Court constitutes only about one-third of what Austin owes in restitution. Unlike the deposit at issue in *Van Cauwenberghe*, then, there is no portion of Austin's $6 million deposit regarding which it may be said that the government has no interest.

Because Smith's claims affecting the disposition of the $6 million deposit held by the Court are barred by the doctrine of sovereign immunity, he has failed to show "a protectable interest of sufficient magnitude" in that property to warrant his inclusion in the Quantum civil action. *See Smith,* 651 F.2d at 1324. Accordingly, Smith is not entitled to intervene in the action as a matter of right.

B.    Permissive Intervention

Alternatively, Smith argues that he should be allowed to intervene by permission because the claims he proposes to assert share common questions of law and fact with the claims presented by Plaintiffs. *See Motion* 7:24-26. The Court disagrees.

Even where a would-be intervenor's claims share with the main action common questions of law or fact, a court's decision whether to grant permissive intervention is "subject to considerations of equity and judicial economy." *See Garza,* 918 F.2d at 777. The Court finds that such considerations render intervention inappropriate here. First, as explained above, the claims Smith proposes to assert are barred by the doctrine of sovereign immunity. Second, principles of judicial economy dictate that Smith, who purports to be a victim of Austin's fraudulent schemes, stand in line with Austin's other alleged victims to receive his properly

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**Doc #22 and #25**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5087 PSG (CWx) | Date | October 26, 2009 |
|----------|----------------------|------|------------------|
| Title | Quantum Production Services, LLC *et al.* v. Steven Kent Austin *et al.* | | |

adjudicated share of the restitutionary funds.[2]  Accordingly, the Court declines to allow Smith to intervene by permission.

IV.    <u>Conclusion</u>

For the foregoing reasons, the Court DENIES Smith's Motion to Intervene As Plaintiff.


**IT IS SO ORDERED.**

---

[2] Indeed, the Court notes that Smith has already been identified on the Public Victim List in Austin's criminal case.  *See Victim List as to Defendant Steven Kent Austin* (Dkt. # 73), CV 07-1071 MMM.